DODD, Auditor of State, v. MILLER.

THE SAME v. RAFFERT.

THE SAME v. KIELMAN.—Three Cases.

THE SAME v. MAGUIRE.

THE SAME v. ROSENBERG.

THE SAME v. SHERER.

Claims for work done on contracts for draining swamp lands, are payable out of the swamp land fund alone.

If there is no money in the treasury belonging to that fund, the auditor of state cannot issue his warrant for such a claim.

No money in the fund, is a good answer to an alternative writ of mandate to compel the auditor to issue a warrant for the payment of a claim.

The act of 1859, providing that the auditor shall not draw a warrant upon the treasurer unless there be money in the treasury belonging to the fund upon which the same is drawn, &c., does not take away any vested right of claimants for work done under the swamp land act.

THE judgments in all these cases were reversed for the reasons given in *Dodd* v. *Miller*, in the following opinion: *Saturday, June 9.*

Appeal from the *Marion* Court of Common Pleas.

WORDEN, J.—*Miller*, holding certain certificates for work done on contracts for draining swamp lands, issued by the commissioner of swamp lands of *Lake* county, applied, on the 18th of *August*, 1859, to the auditor of state, at his office, &c., and requested him to issue his warrant or order on the treasurer of state for the payment of the amount due upon the certificate, out of said swamp land fund. The auditor refused to draw his warrants upon the treasurer for the amount, and *Miller* instituted proceedings, by way of writ of mandate, to compel the issuing of such warrants.

The defendant answered as follows:

"That at the time the said account was so presented to him as auditor of said state of *Indiana*, and from thence,

VOL. XIV.—28

there was, and still is, no money in the treasury of the state of *Indiana*, belonging to the fund upon which the warrant for said account is to be drawn, to pay said account, or any part thereof; nor is. there any appropriation made by law, upon money actually in the treasury of said state, subject to the payment of said claim, for the payment thereof; wherefore," &c.

To this answer a demurrer was sustained, and the defendant excepted.

There was final judgment for the plaintiff, and the defendant appeals.

The only question presented is, as to the correctness of the ruling below on the demurrer to the answer.

Two positions seem to be maintained by counsel for the appellee, in support of the ruling below: First, that the answer is defective in not showing affirmatively how the fund applicable to the payment of the claim has been exhausted, or the reason why it is not in the treasury; and, second, that the plaintiff was entitled to the warrant, whether the money applicable to the payment thereof was in the treasury or not.

Moneys arising from the sale of swamp lands, are to be deposited by the county treasurers with the treasurer of state, as often as once in every ninety days, or oftener if the auditor deems the interest of the state requires it. 1 R. S. p. 473, § 16. No work shall be let, or advertised to be let, unless there shall have been swamp 'lands sold previously thereto, within the county, of sufficient amount to pay the cost of the work advertised to be let. *Id.*, § 25. Perhaps, under these provisions, the presumption would be that sufficient money was in the state treasury to pay for any work in ditching the lands, that might be done; but still this would only be a presumption based upon the supposition that the law had been complied with, in not letting work until sufficient lands had been sold to pay for it, and in the payment of the money arising from the sales, by the county treasurers into the state treasury. This presumption might not be true in point of fact. Such claims are only payable out of the swamp land fund; and the

auditor alleges that there was no money in the treasury applicable to the payment of the claim. This fact was admitted by demurrer, the answer, as we think, being well pleaded. If the presumption above noticed would arise, it would be available as a matter of evidence on an issue of fact as to whether there were funds in the treasury applicable to the payment of the claim. But the presumption is not conclusive, nor such an one as will not admit of averment to the contrary. If there was no money in the treasury for the payment of the claim, we do not think the auditor was required, by any rule of pleading, to go farther in his answer, and show why that state of things existed.

We have no difficulty upon the other branch of the case, being satisfied that if there were no moneys in the treasury belonging to the fund upon which the warrant, if issued, was to be drawn, the auditor was not required nor authorized to draw the warrant demanded. It is expressly enacted that "the auditor of state shall at no time draw a warrant upon the treasurer of state, unless there be money in the treasury, belonging to the fund upon which the same is drawn, to pay the same, and in conformity to appropriations made by law, and on money actually in the treasury subject to the payment of the same," &c. Acts of 1859, p. 230, § 8.

It is claimed that this enactment is inoperative and void, so far as it affects the certificates in question, they having been issued before the passage of the statute. This statute does not, as we think, take away any vested right which the appellee had before its passage. He had a right to receive his money out of the appropriate fund whenever it should be in the treasury, and this right is not in any manner impaired by the act in question. Admitting that under § 35 of the swamp land act, the auditor might have been required to issue the warrant, although there was no money in the treasury belonging to the appropriate fund to redeem it, still the holder of the warrant could obtain his money no sooner than it came into the treasury. The right to the money is unimpaired, and no delay in the

May Term, 1860.

payment is created. The case is analogous to those where statutes affecting the remedy, but not impairing the right, have been upheld. Ind. Dig., p. 270, § 50.—*Hancock* v. *Ritchie*, 11 Ind. R. 48.

We think the answer in question was good, and the demurrer incorrectly sustained.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

*J. E. McDonald*, Attorney General, for the appellant.

*S. Major*, for the appellees.